## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **L. RAY SCHRAM, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 11-078-FHS-SPS** |
| | ) | |
| **STATE OF OKLAHOMA, ex rel.** | ) | |
| **DEPARTMENT OF CORRECTIONS,** | ) | |
| **OKLAHOMA STATE** | ) | |
| **PENITENTIARY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss. The court has before it for consideration plaintiff's complaint, the defendants' motion, and the parties' responses and replies. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC), brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. The defendants are the State of Oklahoma, ex rel, Department of Corrections, Oklahoma State Penitentiary; Marty Sirmons, OSP Warden; Linda Morgan, OSP Deputy Warden; Art Lightle, OSP Deputy Warden; Dr. Stewart, OSP Medical Doctor; Officer Jones, OSP Chief of Security; Daryl Wilson, OSP Unit Manager; Wayne Brackensiek, OSP Law Library Supervisor; Bobby Boone, DOC Regional Director of the Eastern District; Justin Jones, DOC Director; Chester Mason, OSP Medical Health Director; and John Does 1-22.

Plaintiff alleges that on October 23, 2007, he entered an enclosed backyard area of C-Block at OSP, and within minutes he was attacked by multiple individuals for an entire hour, resulting in numerous injuries. Although he yelled for help, no one came to assist him until the attack had ended. He asserts the defendants failed to provide a safe environment, and their acts or omissions caused him to suffer damages. He further claims the defendants conspired with each other in their failure to exercise prudence and ordinary care in the

performance of their jobs and in their investigation of the incident.

The defendants have filed a motion to dismiss, alleging plaintiff's claims are barred by the statute of limitations. The incident giving rise to this cause of action occurred on October 23, 2007. On February 3, 2009, he filed his first civil rights action regarding these claims, but his federal claims were dismissed without prejudice on August 21, 2009, for failure to exhaust administrative remedies. *Schram v. Dep't of Corr.*, No. CIV 09-040-RAW (E.D. Okla. Aug. 21, 2009). This second action was filed on March 3, 2011.

The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Ordinarily, plaintiff's claims would have been barred after October 23, 2009. Oklahoma, however, provides a saving statute that applies when an action is timely commenced but fails not on its merits. A new cause of action can be commenced within one (1) year after such failure, even though the original time limit for filing the action has expired. Okla. Stat. tit. 12 § 100. Because plaintiff's first complaint was dismissed without prejudice, he could have brought another cause of action within one (1) year of the dismissal. *See Hardin v. Straub*, 490 U.S. 536 (1989) (holding that a state tolling statute applies to the statute of limitations period for a prisoner's civil rights action). Consequently, plaintiff's claim was barred as of August 21, 2010, one year after dismissal of the first lawsuit. This second action was filed after expiration of the limitations period.[1]

Plaintiff argues the limitations period was equitably tolled while he was exhausting his administrative remedies. He contends he was unable to refile his case until the Administrative Review Authority completed its final denial of his claim on May 18, 2010, and he asserts the one-year saving statute commenced on that date.

"[S]tate law governs limitations and tolling issues in § 1983 cases." *Roberts v.*

---

[1] The defendants allege the saving statute does not apply, because plaintiff's first case was dismissed before expiration of the two-year statute of limitations. The court finds it is not necessary to decide whether to apply this interpretation of the statute, because under the defendants' argument, the result is the same.

*Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007) (citations omitted). Equitable tolling is permitted in Oklahoma in two circumstances. *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). The first circumstance is the existence of a "legal disability," which Oklahoma courts have applied "only for plaintiffs whose competency is impaired or who have not reached the age of majority." *Id*. (citations omitted). Second, "if defendants engage in 'false, fraudulent, or misleading conduct' calculated to lull plaintiffs into sitting on their rights, the limitations period may not be triggered." *Id*. (citations omitted). "In the appropriate case, exceptional circumstances may justify tolling a statute of limitations," but if a plaintiff has the information and access to file a claim, there is no need for tolling. *Id*. at 1219-20 (citations omitted).

Here, plaintiff completed his administrative remedies more than three months before the filing deadline, and he offers no explanation for his delay in filing this action. The Tenth Circuit recently has held that plaintiffs who had time remaining within the statute of limitations after exhausting administrative remedies were not entitled to equitable tolling, because they "did not pursue their claims with diligence." *Braxton v. Zavaras*, 614 F.3d 1156, 1162 (10th Cir. 2010). "Neither the defendants nor extraordinary circumstances stood in the way of [plaintiffs'] filing suit within the statutory period. Only [their] own inaction prevented [them] from filing in a timely manner." *Id*. (quoting *Dean Witter v. Hartman*, 911 P.2d 1094 (Colo. 1996) (footnote omitted)).

After careful review, the court finds plaintiff, who is represented by counsel, has presented no evidence of legal disability or that the defendants caused him to delay filing his complaint for more than nine months after his administrative remedies were completed. The court further finds no extraordinary circumstances exist that would warrant equitable tolling in this matter.

**ACCORDINGLY,** the defendants' motion to dismiss (Docket No. 40) is GRANTED, and this action is, in all respects, DISMISSED. All other pending motions are DENIED as moot.

DATED this 8th day of March, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma